1
2
3
4              UNITED STATES DISTRICT COURT

5                  DISTRICT OF NEVADA

6   KEVIN RICHARDSON,                    Case No. 3:18-cv-00188-MMD-WGC
    aka DANIEL BEARD,
7                                        **REPORT & RECOMMENDATION OF**
                                         **U.S. MAGISTRATE JUDGE**
                            Plaintiff,
8
9         v.

10  UNITED STATES ATTORNEY FOR
    UNITED STATES OF AMERICA,
11
                            Defendant.

12          This Report and Recommendation is made to the Honorable Miranda M. Du, United States

13  District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

14  § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

15          Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1)

16  and initial filing, a motion to correct illegal sentence (ECF No. 1-1).

17                              **I. IFP APPLICATION**

18          A person may be granted permission to proceed IFP if the person "submits an affidavit that

19  includes a statement of all assets such [person] possesses [and] that the person is unable to pay

20  such fees or give security therefor. Such affidavit shall state the nature of the action, defense or

21  appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v.*

22  *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all

23  actions filed IFP, not just prisoner actions).

24          In addition, the Local Rules of Practice for the District of Nevada provide: "Any person

25  who is unable to prepay the fees in a civil case may apply to the court for authority to proceed

26  [IFP]. The application must be made on the form provided by the court and must include a financial

27  affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

28          "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

1  particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

2  (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be

3  absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

4  335 U.S. 331, 339 (1948).

5       When a prisoner seeks to proceed without prepaying the filing fee:

6       [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional

7       equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each

8       prison at which the prisoner is or was confined.

9  28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

10       (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist,

11       collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --

12       (A) the average monthly deposits to the prisoner's account; or

13       (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.

14       (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited

15       to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount

16       in the account exceeds $10 until the filing fees are paid.

17  28 U.S.C. § 1915(b)(1), (2).

18       Plaintiff has submitted a financial certificate, but it is not clear it is an authentic record

19  from the institution. In addition, it does not allow the court to determine his average monthly

20  deposits or his average monthly balance for the past six months. Therefore, his application is

21  incomplete. While the court would ordinarily offer an inmate a chance to correct these deficiencies,

22  Plaintiff does not state a claim upon which relief may be granted and it appears his action is filed

23  in the wrong court, and the action should be dismissed.

## II. SCREENING

### A. Standard

26       "The court shall dismiss the case at any time if the court determines that … the action or

27  appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or

28  (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1  1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is

2  incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)

3  (per curiam).

4  In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon

5  as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from

6  a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On

7  review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the

8  complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief

9  may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

10  28 U.S.C. § 1915A(b)(1)-(2).

11  Dismissal of a complaint for failure to state a claim upon which relief may be granted is

12  provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

13  28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint

14  under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same

15  standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th

16  Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab.*

17  *Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

18  In reviewing the complaint under this standard, the court must accept as true the

19  allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts

20  in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

21  Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted

22  by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation

23  omitted).

24  A complaint must contain more than a "formulaic recitation of the elements of a cause of

25  action," it must contain factual allegations sufficient to "raise a right to relief above the speculative

26  level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

27  something more … than … a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure §

- 3 -

1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Plaintiff did not file a complaint, but instead document styled as a motion to correct illegal sentence pursuant to Nevada Revised Statute 176.555. Nevada Revised Statute 176.555 states that the court may correct an illegal sentence at any time.

This is a state statute which provides a remedy for Nevada *state courts* to correct an illegal sentence. It appears that Plaintiff has mistakenly filed his action in *federal court*. Moreover, the motion does not actually state any cognizable grounds for concluding that his sentence was illegal. Instead, he discusses his need to access some unspecified accounts, and makes vague references to the President, the Supreme Court, and various media outlets.

Given that Plaintiff fails to state a claim upon which relief may be granted, and the possibility that he seeks relief from the wrong court, this action should be dismissed.

///
///
///
///
///
///
///
///
///
///
///

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order: **DENYING** Plaintiff's IFP application (ECF No. 1), and **DISMISSING** this action.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 1, 2018.

_William G. Cobb_

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE