UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN RICHARDSON, aka DANIEL BEARD<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ATTORNEY FOR UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 3:18-cv-00188-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff filed an objection to the R&R. (ECF No. 6.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

1 of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the Court may accept the recommendation without review*. Id.* at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Judge Cobb correctly found that Plaintiff's IFP Application is incomplete and did not recommend allowing Plaintiff to submit a complete application because the complaint fails to state a claim. (ECF No. 3 at 2.) Judge Cobb further found that Plaintiff submitted a motion to correct an illegal sentence under NRS § 176.555 (ECF No. 1-1 at 1), not a complaint, and recommends dismissal for failure to state a claim. (ECF No. 3 at 4–5.) In his objection, Plaintiff makes numerous assertions that are confusing, including requesting that the Court allow him to obtain materials relating to his identification and information relating to bank accounts. (ECF No. 6 at 2–6.) Having reviewed the R&R and the filings in this case, the Court agrees with Judge Cobb that Plaintiff cannot state a claim.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed.

It is further ordered that the Clerk enter judgment and close this case.

///
///
///

DATED THIS 30th day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3